IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

THOMAS P. MCDONNELL, III                                          PLAINTIFF

v.                                          CAUSE NO. 3:12-CV-697-CWR-FKB

SANDY MILLER                                                      DEFENDANT

## ORDER

Before the Court is Defendant Sandy Miller's motion to extend the deadline for post-trial motions. Docket No. 77. On March 31, 2015, the Court issued a Bench Opinion and Final Judgment dismissing Plaintiff Thomas McDonnell's lawsuit with prejudice. Docket No. 69. Pursuant to Rules 52 and 59, on April 28, 2015, Plaintiff timely filed a motion for amended and/or additional findings and in the alternative a motion to alter or amend the judgment. Docket No. 70. Trial counsel for Miller then sought leave of this Court to withdraw as counsel,[1] Docket No. 72, and the Court allowed counsel to withdraw, Docket No. 73. New counsel entered their appearance and shortly thereafter filed a motion for additional time to respond to Plaintiff's motion to alter or amend. *See* Docket Nos. 74, 75 and 76. They asked that they be allowed to file their response on July 20. Docket No. 76. That motion was granted.

Miller has now filed a separate motion requesting that this Court extend the deadline for him to file post-trial motions. Plaintiff has filed a response, Docket No. 78, and Miller has filed a reply, Docket No. 80. The motion is now ripe for review. The Court has considered said motion, the responses thereto, as well as other applicable authorities, and finds that this motion is not well taken and should be denied.

---

[1] The motion also asked the Court to allow an additional 60 days for Miller to respond to Plaintiff's Rule 52 and Rule 59 motions filed on April 28, 2015. Docket No. 72. The motion made no mention of an extension of post-trial deadlines.

In his current motion, filed on June 19, 2015, Miller contends that his new counsel requires 30 additional days to allow his counsel "to review the case and prepare post-trial motions, if necessary." Docket No. 77. But the Court clearly cannot grant such an extension. Although Miller has not stated exactly what post-trial motions he may seek to file, a party has 28 days from the entry of judgment in which to file any post-trial motions, including a renewed motion for judgment as a matter of law, a motion for a new trial, and a motion to amend or alter a judgment. Fed. R. Civ. P. 50(b), 52(b), 59(b) & (e). Moreover, the requirement that post-trial motions be filed within a specific time frame is jurisdictional, and the Court generally has no power to extend such motions. *See Baylis v. Wal-Mart Stores, Inc.*, No. 1:10-CV-00069-GHD, 2012 WL 5354540, at *1 (N.D. Miss. Oct. 29, 2012); *see also United States Leather, Inc. v. H & P'ship*, 60 F.3d 222, 225 (5th Cir. 1995).

In the case *sub judice*, the last day on which Miller was allowed to file his post-trial motions under the Federal Rules of Civil Procedure was April 28, 2015. Miller did not file any post-trial motions by this date and the Court must refrain from extending the requisite 28-day deadline. Accordingly, Miller's motion is DENIED.

**SO ORDERED AND ADJUDGED**, this the 9th day of July, 2015.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

2